IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

LUIS FERNANDO LANDAVERDE URIAS,
　　　　　　*Petitioner*,

　　　v.

KRISTI NOEM, *et al*.,
　　　　　　　　*Respondents*.

1:26-cv-000164-MSN-IDD

ORDER

Luis Fernando Landaverde Urias ("Petitioner") has filed a three-count Petition for Writ of

Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally

detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs

Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his characterization by DHS as

an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory

detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA")

(Count I), and his right to due process (Counts II & III).

Petitioner is currently detained at the Farmville Detention Center in Farmville, Virginia.

ECF 1 ¶ 31. He has sued Kristi Noem, the DHS Secretary; Pamela Jo Bondi, the Attorney General;

and Robert Guadian, the Field Office Director of ICE's Washington Field Office (collectively

"Federal Respondents"). *Id*. at 1. He has also sued Jeffrey Crawford, the warden of the Farmville

Detention Center. *Id*.

In response to the Court's Order of January 21, 2026 (ECF 3), Federal Respondents have

confirmed that the factual and legal issues presented in the Petition do not differ in any material

fashion from those presented in *Servellon Martinez*, 1:25-cv-1792 (E.D. Va.). ECF 4. Accordingly,

the Court incorporates the filings from *Servellon Martinez* into this case and for the reasons that follow, the Court will grant the Petition as to Counts II and III.[1]

## I.   BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States without inspection around 2019. ECF 1 ¶ 28. Petitioner now resides in Richmond, Virginia. *Id.* He alleges that on or around January 7, 2026, ICE agents took him into custody and transferred him to the Farmville Detention Center where he remains detained. *Id.* at ¶¶ 1, 30-31. Petitioner alleges that DHS has denied him release on bond while his removal proceedings are pending and that requesting custody redetermination from an Immigration Judge ("IJ") would be futile pursuant to the Board of Immigration Appeals ("BIA")'s decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[2] *See* ECF 1 ¶¶ 24-26.

## II.   ANALYSIS

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process. In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025); *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*,

---

[1]   Because the Court grants the Petition as to Counts II and III, it need not address Petitioner's other claims.

[2]   Federal Respondents have waived any argument that Petitioner did not exhaust his administrative remedies with respect to his habeas claim. However, to ensure that Petitioner's eventual bond hearing comports with ordinary ICE procedures, this Court will direct Petitioner to file a motion for custody redetermination pursuant to 8 C.F.R. § 236.1(d)(1) before Federal Respondents hold the hearing required by this Order if Petitioner has not already done so.

No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raised these same arguments "to preserve them for appeal." ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025).

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 5–14. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that

---

[3]   *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for roughly six years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *8–10, violates his right to due process.

### III.    CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that to the extent that Petitioner seeks release from detention, Petitioner file a motion requesting a bond hearing or custody redetermination as soon as practicable; and that Federal Respondents provide Petitioner with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of that motion; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Federal Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond is denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of

Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

_____/s/_____

Michael S. Nachmanoff
United States District Judge

January 23, 2026
Alexandria, Virginia